UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
VINETTE MARETT, *pro se*,

                Plaintiff,

    -against-

CITIGROUP GLOBAL MARKETS REALTY
CORP., KONDAUR CAPITAL CORPORATION,
and JOHN DOE 1-4,

                Defendants.
------------------------------------------------------------------------x

**SUMMARY ORDER**

11-cv-2433 (DLI)(VVP)

**DORA L. IRIZARRY, United States District Judge:**

On May 18, 2011, *pro se* Plaintiff Vinette Marett ("Plaintiff") filed this action against Citigroup Global Markets Realty Corp. ("Citigroup")[1] and Kondaur Capital Corporation ("Kondaur," collectively with Citigroup, "Defendants"). Plaintiff alleges that Citigroup "committed fraud when it issued a high interest bearing loan and that the principal value of the loan is over one half million dollars" when it issued a mortgage to Plaintiff securing a property in Brooklyn. (Compl. ¶ 2.) Plaintiff also contends that "Citigroup had assigned the mortgage to Kondaur Capital Corporation and that the assignment of [the] mortgage was illegal, defective and did not have the necessary proofs and evidence of a sound and legitimate transfer of real property and ownership." (*Id.* at 3.) Plaintiff claims that the action is brought "pursuant to title 28 U.S.C. Section 2201 and 2202 of Chapter 151, 155 and 159 an[d] that this Court has jurisdiction over this action pursuant to title 28 U.S.C. Section 1983 and 1985 of the federal code." (*Id.* at 1.)

---

[1] While Citigroup has not yet answered the Complaint, for the same reasons the action is dismissed against Kondaur, the Complaint is dismissed *sua sponte* against Citigroup, as Plaintiff has failed to set out a viable federal claim against Citigroup. *See* 28 U.S.C. § 1915(e)(2) (2012).

1

Kondaur moved to dismiss the Complaint pursuant to 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim. (*See* Dkt. Entry 10.) For the reasons set forth below, the court finds that Plaintiff has not stated a claim under federal law and, to the extent that her other claims are rooted in state law, the court declines to exercise supplemental jurisdiction over those state law claims.

Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To determine whether dismissal is appropriate, "a court must accept as true all [factual] allegations contained in a complaint" but need not accept "legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id*. Moreover, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown that the pleader is entitled to relief." *Id.* at 1950 (internal citations and quotation marks omitted).

In reviewing Plaintiff's complaint, the court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A district court must nevertheless dismiss an *in forma pauperis* action when it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii) (2012).

The Complaint alleges that the action is brought pursuant to 28 U.S.C. § 1983 ("Section 1983") in alleging that Defendants "participated in fraud and predatory lending" and "violated the due process rights of the Plaintiff when it participated in . . . deception and practices that violate the law." (Compl. at 1, 5.) However, "Section 1983 addresses only those injuries caused by state actors or those acting under color of state law." *Spear v. Town of West Hartford*, 954 F. 2d 63, 68 (2d Cir. 1992). "A private defendant may be held liable only as a willful participant in joint activity with the State or its agents." *Id.* (quotation marks omitted). Kondaur is a non-state actor and Plaintiff has not alleged that Kondaur conspired with the government in holding or servicing Plaintiff's mortgage. Thus, Plaintiff has not stated a claim under 28 U.S.C. § 1983.

Plaintiff also purports to bring this action under 28 U.S.C. § 1985. (*See* Compl. at 1.) There is no such statute, but Kondaur assumes that Plaintiff is attempting to invoke 42 U.S.C. § 1985. (*See* Mem. of Law in Supp. of Kondaur's Mot. to Dismiss, Dkt. Entry 10, at 5-6.) Assuming that Plaintiff is attempting to bring a claim under 42 U.S.C. § 1985 ("Section 1985"), her claim still fails. Under Section 1985, Plaintiff must demonstrate a: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F. 3d 1085, 1087 (2d Cir. 1993). In addition, "the conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Id.* at 1088 (quotation marks omitted). Plaintiff has not alleged that any wrongdoing by Kondaur was motivated by race. Accordingly, Plaintiff has not stated a claim under Section 1985.

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F. 3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted). However, a court may deny an opportunity to amend "when amendment would be futile." *Fulton v. Goord*, 591 F. 3d 37, 45 (2d Cir. 2009) (internal quotation marks and citation omitted). Here, it is clear from Plaintiff's submissions that she does not have any possibility of asserting a plausible federal claim. Therefore, any attempt to amend the complaint would be futile. *See Cuoco*, 222 F. 3d at 112 (denying leave to amend a *pro se* complaint where amendment would be futile). Accordingly, the complaint is dismissed with prejudice with respect to Plaintiff's federal claims.

To the extent Plaintiff's contentions that Kondaur engaged in fraud and that the assignment of Plaintiff's mortgage was invalid sound in state law, this court declines to exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367(c)(3); *Valencia ex rel. Franco v. Lee*, 316 F. 3d 299, 304–06 (2d Cir. 2003). Any state law claims against both Defendants are therefore dismissed without prejudice for Plaintiff to pursue any such claims in state court.

## **CONCLUSION**

For the reasons set forth above, the Complaint is dismissed with prejudice against both Defendants as to Plaintiff's federal claims, and without prejudice as to any state law claims Plaintiff may have, which Plaintiff is free to pursue in state court. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).


SO ORDERED.

Dated: Brooklyn, New York
       March 30, 2012

                                                      /s/
                                        DORA L. IRIZARRY
                                United States District Judge